UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENNIE JESSUP,<br><br>    Plaintiff<br><br>    v.<br><br>PROGRESSIVE FUNDING, *et al.*,<br><br>    Defendants | Civil Action No. 15-1214 (CKK) |

MEMORANDUM OPINION
(April 13, 2016)

This is the third lawsuit that Plaintiff Bennie Jessup has filed against Defendants Progressive Funding and U.S. Bank National Association as Trustee for Holder of Bank of America Funding Corporation Mortgage Pass-Through Certificate, Series 2006-G ("U.S. Bank"), pertaining to the mortgage Plaintiff obtained for the property at 1855 Channing Street NE in Washington, D.C. Plaintiff initially filed a Complaint to Quiet Title against Progressive Funding and U.S. Bank in the District of Columbia Superior Court, which was subsequently removed to the United States District Court for the District of Columbia. Through a thorough and comprehensive opinion, Judge Ketanji Brown Jackson dismissed all claims against both defendants with prejudice on March 28, 2014. *See Jessup v. Progressive Funding* ("*Jessup I*"), 35 F. Supp. 3d 25, 37 (D.D.C. 2014). Less than one month later, on April 16, 2014, Plaintiff filed another lawsuit in this district against Progressive Funding, U.S. Bank, and Wells Fargo Bank, N.A. *See Jessup v. Progressive Funding* ("*Jessup II*"), No. 14-cv-626-KBJ (D.D.C.), ECF No. 1. After duly warning Plaintiff of the consequence of failing to serve the defendants by a date specified by the court and after Plaintiff's failure to effect proper service, Judge Jackson dismissed *Jessup II* without prejudice for failure to prosecute on February 20, 2015. *See Jessup II*, Order, ECF No. 6. Finally, five months later, Plaintiff filed the action now before this Court

1

on July 27, 2015. *See* Compl., ECF No. 1. However, as explained below, the doctrine of *res judicata* serves to bar precisely this sort of repeated litigation.

Before the Court is the Defendant U.S. Bank's [4] Motion to Dismiss. Defendant presents four arguments in favor of dismissing this action: that this case is barred by *res judicata*; that the Complaint fails to state a claim upon which relief can be granted; that the Court should abstain under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971); and that the Court should dismiss the claims against U.S. Bank because of improper service. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record for purposes of this motion, the Court GRANTS Defendant U.S. Bank's [4] Motion to Dismiss. As explained further below, the Court concludes that this action is barred by *res judicata* in its entirety. Accordingly, there is no need to reach Defendant U.S. Bank's other arguments in favor of dismissal. This case is dismissed in its entirety.

## I. BACKGROUND

In light of the Court's resolution of the pending motion on the grounds of *res judicata*, the Court reserves presentation of the relevant background for the discussion below.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed.

---

[1] The Court's consideration has focused on the following documents:
- Pl.'s Complaint ("Compl."), ECF No. 1;
- Def. U.S. Bank's Mot. to Dismiss ("Defs.' Mot."), ECF No. 4;
- Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. 12; and
- Reply Mem. in Supp. of Def.'s Mot. to Dismiss ("Defs.' Reply"), ECF No. 13.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

2

R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"Res judicata may be raised in a Rule 12(b)(6) motion to dismiss for failure to state a claim when the defense appears on the face of the complaint and any materials of which the court may take judicial notice." *Sheppard v. District of Columbia,* 791 F. Supp. 2d 1, 5 n.3 (D.D.C. 2011). "The court may take judicial notice of public records from other court proceedings." *Lewis v. Drug Enforcement Admin.,* 777 F. Supp. 2d 151, 159 (D.D.C. 2011) (citing *Covad Commc'ns Co. v. Bell Atl. Corp.,* 407 F.3d 1220, 1222 (D.C. Cir. 2005)).

### III. DISCUSSION

Defendant presents several arguments in favor of dismissing this action, including that it is barred by the doctrine of *res judicata*. Because the Court concludes that this case is squarely foreclosed by *res judicata*, the Court does not reach Defendant's alternative arguments in favor of dismissal. *See Williams v. Perez*, No. 15-5228, 2016 WL 520265, at *1 (D.C. Cir. Feb. 1, 2016) (holding claims to be barred by *res judicata* without addressing the merits of jurisdictional arguments for dismissal).

Under the doctrine of *res judicata,* or claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Sheppard*, 791 F. Supp. 2d at 4 (quoting *Drake v. FAA,* 291 F.3d 59,

66 (D.C. Cir. 2002)). "A judgment on the merits is one that 'reaches and determines the real or substantial grounds of action or defense as distinguished from matters of practice, procedure, jurisdiction or form.' " *Id.* at 7 (quoting *Saylor v. Lindsley,* 391 F.2d 965, 968 (2d Cir. 1968) (internal citations omitted)); *see also Nwachukwu v. Karl,* 222 F.R.D. 208, 212 (D.D.C. 2004) (noting the judicial goal of "deciding cases on their merits, as opposed to procedural mishaps dictating the outcome"). A decision on a motion to dismiss under Rule "12(b)(6) presents a ruling on the merits with *res judicata* effect." *Haase v. Sessions,* 835 F.2d 902, 906 (D.C. Cir. 1987). "Whether two cases implicate the same cause of action turns on whether they share the same 'nucleus of facts.' " *Drake,* 291 F.3d at 66 (quoting *Page v. United States,* 729 F.2d 818, 820 (D.C. Cir. 1984)). To determine whether two cases share the same nucleus of facts, courts consider "whether the facts are related in time, space, origin, or motivation[;] whether they form a convenient trial unit[;] and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Stanton v. D.C. Court of Appeals,* 127 F.3d 72, 78 (D.C. Cir. 1997) (quotation omitted). In short, in deciding whether *res judicata* applies, the Court must consider "if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *NRDC v. EPA,* 513 F.3d 257, 260 (D.C. Cir. 2008) (quoting *Smalls v. United States,* 471 F.3d 186, 192 (D.C. Cir. 2006)).

The present case satisfies all four of the criteria for *res judicata*.

*First*, in *Jessup I*, Plaintiff brought a case involving the same claims as those in the case presently before this Court. Specifically, in that case, Plaintiff claimed that Defendant U.S. Bank did not have standing to foreclose on the Channing Street property because it had not lawfully obtained the Note and Deed of Trust pertaining to the property. *Jessup I*, 35 F. Supp. 3d at 31. As

a result, Plaintiff sought a declaration that the Deed was null and void and a declaration quieting title to the Channing Street property in Plaintiff (as against the Defendants). *Id.* Plaintiff brings substantially the same claims in this case, arguing that Defendant U.S. Bank does not have standing to foreclose on the Channing Street property and that Defendant U.S. Bank is not the real party in interest. *See* Compl. ¶¶ 11-17. As in *Jessup I*, Plaintiff seeks an order in this case canceling the Trustee's Deed and to quiet title in favor of Plaintiff and against Defendants. *See* Compl., Prayer for Relief.

      Moreover, it is abundantly clear that the two cases arise from the same nucleus of facts. *See Drake,* 291 F.3d at 66 ("Whether two cases implicate the same cause of action turns on whether they share the same 'nucleus of facts.' "). Both cases pertain to the mortgage Plaintiff obtained from Progressive Funding and pertain to Plaintiff's claims about deficiencies in the subsequent putative assignment to Wells Fargo Bank and, ultimately, to Defendant U.S. Bank. In sum, Plaintiff brings the same claims based on the same nucleus of underlying facts.

      *Second*, the two cases involve the same parties. In *Jessup I*, as in this case, Plaintiff brought suit against Defendants Progressive Funding and U.S. Bank.

      *Third*, in *Jessup I*, the district court issued a final judgment on the merits, dismissing the claims against both Progressive Funding and U.S. Bank *with prejudice* after thoroughly analyzing the facts and the applicable law in a comprehensive opinion. *See* 35 F. Supp. 3d at 37. As noted above, a decision on a motion to dismiss under Rule 12(b)(6) serves as a judgment on the merits, which can serve as the basis for an application of *res judicata*. *See Haase,* 835 F.2d at 906.

      *Fourth*, and finally, the United States District Court for the District of Columbia is clearly a court of competent jurisdiction.

5

Plaintiff's only response to Defendant U.S. Bank's argument with respect to *res judicata* is that the current Complaint "is materially different and based around a separate nucleus of facts." Pl.'s Opp'n at 1. Plaintiff further explains that the current complaint "includes therein a notice and claim regarding predatory lending and also includes an alleged violation of the Truth in Lending and Creditor Notice requirements." *Id.* In support for this statement, Plaintiff identifies two statements in the current Complaint. First, the Complaint states that "Plaintiffs income was inflated without her knowledge and noticed at settlement after she had signed where she had been told she was required to sign." Compl. ¶ 8. Second, the Complaint reproduces verbatim the text of 15 U.S.C. § 1641(g), which requires notice of the transfer or assignment of a mortgage loan. *See* Compl. ¶ 17 (quoting 15 U.S.C. § 1641(g)).[2] The Complaint contains no additional allegations regarding this latter provision; it merely quotes the text of the provision itself.

With respect to the first allegation that Plaintiff identifies—regarding the alleged inflation of Plaintiff's income—it is unclear what relevance this allegation has in the context of this case. Plaintiff challenges the *subsequent* transfers of the Note and Deed of Trust, not its *origination*. In

---

[2] Section 1641(g) provides as follows:

> In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—
>
>   (A) the identity, address, telephone number of the new creditor;
>   (B) the date of transfer;
>   (C) how to reach an agent or party having authority to act on behalf of the new creditor;
>   (D) the location of the place where transfer of ownership of the debt is recorded; and
>   (E) any other relevant information regarding the new creditor.

15 U.S.C. § 1641(g)(1).

any event, even if the relevance of this allegation were clear, a single allegation in the new Complaint that is not found in the previous case cannot disturb the Court's conclusion that the two cases share a *nucleus* of facts. That is, the core facts in the two cases are beyond-a-doubt the same. With respect to the second paragraph of the Complaint identified by Plaintiff, it recites a statutory provision verbatim. It does not provide any factual allegations pertaining to this case. Accordingly, it does not aid Plaintiff's attempt to differentiate the underlying facts in the two cases. Even if Plaintiff is suggesting that the current case encompasses a Truth in Lending claim while *Jessup I* lacked such a claim, such a suggestion would be of no consequence. *Res judicata* bars parties from "relitigating issues that were or *could have* been raised in that action." *Sheppard*, 791 F. Supp. 2d at 4 (emphasis added). Even if Plaintiff has identified new claims that were not presented in *Jessup I*—and that itself is far from clear—if viable those claims could and should have been presented in the prior case. Therefore, they cannot be presented in a new case at this time.

      In sum, Plaintiff is barred from bringing this action by *res judicata*. In *Jessup I*, a court of competent jurisdiction issued a final judgment on the merits on the same claims—resulting from the same nucleus of facts—between the same parties as in this case. Having lost on the merits in the prior action, Plaintiff may not now re-package an earlier complaint in the hope of obtaining a different result. Therefore, the Court grants Defendant U.S. Bank's motion to dismiss and dismisses all claims in this case with prejudice.

      For all of these reasons, the Court dismisses with prejudice all claims against Progressive Funding, as well, on the basis of *res judicata*. The Court notes that it appears that Defendant Progressive Funding was never properly served and, as a result, never appeared in this case. *See* Order dated Sept. 22, 2015 (advising Plaintiff that it appears that the wrong entity had been

served); Pl.'s Response, ECF No. 14; *see also Jessup I*, 35 F. Supp. 3d at 30 n.5 (noting that the docket reflected that Progressive Funding had never been served *Jessup I* either). The Court's conclusions above with respect to U.S. Bank are equally applicable to Progressive Funding. Indeed, the court in *Jessup I* arrived at the same conclusion: "[B]ecause Jessup's claims against Progressive Funding are predicated on the same facts and legal arguments as her claims against U.S. Bank, and it is 'patently obvious' that Jessup cannot prevail on her claims against Progressive Funding either, the Court will *sua sponte* dismiss her complaint against Progressive Funding as well." *See Jessup I*, 35 F. Supp. 3d at 37. Here, just as Plaintiff's claims against U.S. Bank are barred by *res judicata*, Plaintiff's claims against Progressive Funding are similarly barred by *res judicata* in light of the prior judgment on the merits in favor of both Defendants.

Because Plaintiff's claims against Progressive Funding are squarely barred by *res judicata*, the Court concludes that Plaintiff's request that the Court "accept service upon the Defendant as valid" or "find Defendant in contempt for its attempts to evade service" is moot. Pl.'s Response ¶ 5.

As final matter, the Court denies without prejudice Defendant U.S. Bank's cursory request for attorney's fees and costs, which is only mentioned in a single sentence in Defendant's motion, *see* Def.'s Mot. at 1, and is never explained further. Defendant may file a motion for attorney's fees and/or costs pursuant to Federal Rule of Civil Procedure 54.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant U.S. Bank's [4] Motion to Dismiss and DISMISSES WITH PREJUDICE all claims in the Complaint as to both Defendants.

This case is dismissed in its entirety.

An appropriate Order accompanies this Memorandum Opinion.

Dated: April 13, 2016

                                               /s/
                                      COLLEEN KOLLAR-KOTELLY
                                      United States District Judge